**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **LILLIAN SCIANNA**, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO.: 3:25-CV-00329 |
| **AMAZON.COM, INC., and** **AMAZON.COM SERVICES, LLC,** | March 5, 2025 |
| Defendants. | |

**NOTICE OF REMOVAL**

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that Defendants Amazon.com, Inc. and Amazon.com Services LLC ("Defendants"),[1] file this Notice of Removal in accordance with 28 U.S.C. §§ 1331, 1332, 1441, and 1446, and remove this action from the State of Connecticut Superior Court, Judicial District of Danbury at Danbury, to the United States District Court for the District of Connecticut. As its reasons for removal, Defendants state:

**BACKGROUND AND STATUTORY REQUIREMENTS**

1.      On or about February 4, 2025, Plaintiff Lillian Scianna ("Plaintiff") commenced a civil action against Defendants in the Connecticut Superior Court titled *Lillian Scianna v. Amazon.com, Inc. & Amazon.com Services, LLC*, Docket No. DBD-CV25-6053334-S (the "Superior Court Action").

---

[1] There is no comma in Amazon.com Services LLC.

2.    Plaintiff served Defendants with the Summons and Complaint on February 4, 2025. Accordingly, this Notice of Removal is timely, as it is being filed within 30 days of service in the Superior Court Action.  *See* 28 U.S.C. § 1446(b).

3.    Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint served by Plaintiff on Defendants are attached hereto as Exhibit A and constitute all process, pleadings, and orders served upon the Defendants in this action to the present date. 28 U.S.C. § 1446(a).

4.    This Notice of Removal is being filed in the District of Connecticut, the District Court of the United States for the district within which the Superior Court Action is pending.  28 U.S.C. §§ 86, 1441(a), and 1446(a).

5.    Attached hereto as Exhibit B is a copy of the Notice to Superior Court of Filing of Notice of Removal, the original of which is being filed with the Superior Court, Judicial District of Danbury at Danbury.  *See* 28 U.S.C. § 1446(d).

6.    By filing this notice, Defendants do not waive any defenses that may be available to them.

7.    This Court has jurisdiction over this matter on two independent bases: (1) federal question jurisdiction pursuant to 28 U.S.C. § 1331; and (2) diversity jurisdiction pursuant to 28 U.S.C. § 1332.

**FEDERAL QUESTION JURISDICTION**

8.    Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

9.    The Complaint alleges that, in December of 2022 and September 2024, Plaintiff was subjected to two separate incidents of sexual harassment involving videos depicting Plaintiff,

which she reported to Defendants. (*See* Compl. ¶¶ 8-10.) Plaintiff alleges that Defendants terminated her employment in November 2024. (*Id.* ¶ 18.) Plaintiff is a 62-year-old female. (*Id.* ¶ 6.) Based on these allegations, Plaintiff asserts claims for sexual and/or age-based harassment and unlawful termination in violation of Connecticut Fair Employment Practices Act ("CFEPA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Age Discrimination in Employment Act ("ADEA"). (*Id.* ¶¶ 13-17, 19-20.) Plaintiff asserts "additionally or alternatively" that Defendants terminated her employment because she engaged in the protected activity of filing sexual harassment complaints in violation of the CFEPA, Title VII, and/or the Fair Labor Standards Act ("FLSA"). (*Id.* ¶ 21.)

10.    Because Plaintiff invokes three federal statutes—Title VII, the ADEA, and the FLSA—the Court has federal question jurisdiction over this matter.

11.    The Court has supplemental jurisdiction over Plaintiff's CFEPA claims pursuant to 28 U.S.C. § 1367, which provides: "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Here, Plaintiff's CFEPA claims rest on the same facts as her federal claims. Thus, there is no question supplemental jurisdiction exists.

## DIVERSITY JURISDICTION

12.    Under 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

13.     The Complaint alleges that Plaintiff is a "resident of Connecticut currently residing in Danbury, Connecticut." (Compl. ¶ 1.) Plaintiff further claims that she was "an employee of Defendants at its location at 8 Old Sherman Turnpike, Danbury, Connecticut as a warehouse worker from May 23, 2022 to November 30, 2024." (*Id.* ¶ 4.)

14.     For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

15.     The term "principal place of business" means "the place where a corporation's high-level officers direct, control, and coordinate the corporation's activities," which is usually found at the company headquarters and often referred to as the "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010).

16.     For purposes of diversity jurisdiction under 28 U.S.C. § 1332(a), a limited liability company takes the citizenship of each of its members. *See Handelsman v. Bedford Vill. Associates Limited Partnership,* 213 F.3d 48, 51–52 (2d Cir. 2000); *N. Sails Grp., LLC v. Boards & More GmbH*, Docket No. 3:18-CV-160 (CSH), 2018 WL 731797, at *4 (D. Conn. Feb. 6, 2018) ("If a member of the limited liability company is a corporation, pursuant to 28 U.S.C. § 1332(c)(1), its citizenship shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.") (internal quotation marks omitted).

17.     As to Defendants' citizenship, Plaintiff alleges: "Defendants, Amazon.com, Inc. and Amazon.com Services, LLC ('Defendants') are Delaware corporations organized and existing under the laws of the State of Delaware with a principal place of business in Seattle, Washington." (Compl. ¶ 2.)

4

18.     Indeed, more specifically, Amazon.com Services LLC is a limited liability company organized under the laws of Delaware.

19.     Amazon.com Sales, Inc. is a corporation incorporated in Delaware, with its principal place of business in Washington.  Its corporate headquarters are located in Seattle, Washington. All of the company's primary executive, administrative, financial, and management functions are in Washington, where its corporate officers direct, control, and coordinate its activities. Accordingly, Amazon.com Sales, Inc. is a citizen of Delaware and Washington.

20.     Based on the citizenship of its sole member, Defendant Amazon.com Services LLC is a citizen of Delaware and Washington.

21.     Defendant Amazon.com, Inc. is a publicly traded company formed and existing under the laws of the State of Delaware with its principal place of business in Seattle, Washington. Its corporate headquarters are located in Seattle, Washington. All of the company's primary executive, administrative, financial, and management functions are in Washington, where its corporate officers direct, control, and coordinate its activities. Accordingly, Amazon.com, Inc. is also a citizen of Delaware and Washington.

22.     Based on the foregoing, Plaintiff is a citizen of Connecticut and Amazon.com Services LLC and Amazon.com, Inc. are citizens of Delaware and Washington. Accordingly, the parties are completely diverse.

23.     Diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) also requires the amount in controversy, exclusive of interest and costs, to be in excess of $75,000. Plaintiff's Complaint does not specify the precise amount she seeks to recover in this action. Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy." 28 U.S.C. §

1446(c)(2). A removing defendant need only submit a "short and plain statement" plausibly alleging that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87-89 (2014). Removal pleading tracks Federal Rule of Civil Procedure 8(a), such that "courts should apply the same liberal rules [to removal allegations] that are applied to other matters of pleading." *Id.* at 87.

24.     In her Complaint, Plaintiff seeks monetary damages and "such other and further relief as the Court may in equity and law order" for her claims of harassment, discrimination, and retaliation under CFEPA, Title VII, the ADEA, and the FLSA. (*See* Compl. Wherefore clause.) Plaintiff's Statement of Amount in Demand indicates the amount of damages is "$15,000.00 or more, exclusive of interest and costs," (*see* <u>Exhibit A</u>), and, although Defendants deny liability in this matter, it is clear that the amount *in controversy* in this action exceeds $75,000, exclusive of interest and costs.

25.     At the time of her separation, Plaintiff earned $21.60 per hour working a standard 40 hours per week (an annual rate of $44,928 per year). While Defendants deny any liability to Plaintiff, if Plaintiff were to prevail on her claims, she could recover well in excess of the $75,000.00 jurisdictional minimum, even if she seeks two years of lost wages in this case, a total of **$89,856**. Furthermore, Plaintiff may recover emotional distress damages, punitive damages, liquidated damages, and attorneys' fees, all of which could elevate the amount in controversy further. Indeed, given the nature of Plaintiff's claims, her attorneys' fees alone could exceed $75,000.00 if she is successful. *See Kimm v. KCC Trading, Inc.*, 449 Fed. Appx. 85, 85-86 (2d Cir. 2012) ("Attorneys' fees may be used to satisfy the amount in controversy only if they are recoverable as a matter of right pursuant to statute or contract.").

26.     Based on the foregoing, Defendants have sufficiently demonstrated that the amount in controversy in this case exceeds the jurisdictional requirement of $75,000, exclusive of interest and costs.

27.     For the foregoing reasons, Defendants request that the United States District Court for the District of Connecticut assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

WHEREFORE, Defendants respectfully requests that this matter be removed and hereinafter proceed in the United States District Court for the District of Connecticut.

_/s/ James H. Golicz_
Craig T. Dickinson (ct18053)
James H. Golicz (ct31155)
cdickinson@littler.com
jgolicz@littler.com
LITTLER MENDELSON, P.C.
One Century Tower
265 Church Street, Suite 300
New Haven, Connecticut 06510
Telephone:    203.974.8700
Facsimile:    203.974.8799

ATTORNEYS FOR DEFENDANTS
AMAZON.COM, INC., AND
AMAZON.COM SERVICES LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of March, 2025, a copy of the foregoing was sent via email and first class mail to all counsel and pro se parties of record as follows:

Christopher J. Sochacki
Cramer & Anderson, LLP
46 West Street, P.O. Box 278
Litchfield, CT 06759
scochacki@crameranderson.com
*Attorney for Plaintiff*

*/s/ James H. Golicz*
James H. Golicz (ct31155)

# EXHIBIT A

## SUMMONS - CIVIL

JD-CV-1  Rev. 2-22
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA.* | STATE OF CONNECTICUT **SUPERIOR COURT** *www.jud.ct.gov*  |
|---|---|

**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☑ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☑ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**

By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | Return Date *(Must be a Tuesday)* |
|---|---|---|
| **146 White Street Danbury CT 06810** | **( 203 ) 207 – 8600** | **02/18/2025** |

| ☒ Judicial District  G.A. | At *(City/Town)* | Case type code *(See list on page 2)* | |
|---|---|---|---|
| ☐ Housing Session  ☐ Number: ____ | **Danbury** | Major: **T** | Minor: **90** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
|---|---|
| **Cramer & Anderson LLP, 46 West Street, P.O. Box 278, Litchfield, CT 06759** | **012732** |

| Telephone number | Signature of plaintiff *(if self-represented)* |
|---|---|
| **( 860 ) 567 – 8718** | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. ☒ Yes ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)* **csochacki@cramer-anderson.com** |
|---|---|

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| **First plaintiff** | Name: **Scianna, Lillian** Address: **C/O 46 West Street, Litchfield, CT 06759** | **P-01** |
| **Additional plaintiff** | Name: Address: | **P-02** |
| **First defendant** | Name: **Amazon.com, Inc.**      **410 TERRY AVENUE NORTH, SEATTLE, WA, 98109-5210** Address: **AFS: CORPORATION SERVICE CO, Goodwin Square 225 Asylum Street, 20th Floor, Hartford, CT, 06103** | **D-01** |
| **Additional defendant** | Name: **Amazon.com Services, LLC**      **410 TERRY AVENUE NORTH, SEATTLE, WA, 98109-5210** Address: **AFS: CORPORATION SERVICE CO, Goodwin Square 225 Asylum Street, 20th Floor, Hartford, CT, 06103** | **D-02** |
| **Additional defendant** | Name: Address: | **D-03** |
| **Additional defendant** | Name: Address: | **D-04** |

| **Total number of plaintiffs: 1** | **Total number of defendants: 2** | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

## Notice to each defendant

1. **You are being sued**. This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date **01/30/2025** | Signed *(Sign and select proper box)* | ☒ Commissioner of Superior Court ☐ _____ Clerk | Name of person signing **Christopher J. Sochacki Esq.** |
|---|---|---|---|

| If this summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts. b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law. c. The court staff is not permitted to give any legal advice in connection with any lawsuit. d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | File Date |

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date **01/30/2025** | Docket Number |
|---|---|---|---|

**Page 1 of 2**

## Instructions

1. Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.

2. If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.

3. Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.

4. After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.

5. Use this summons for the case type codes shown below.

   Do not use this summons for the following actions:

   (a) Family matters (for example divorce, child support, custody, parentage, and visitation matters)
   (b) Any actions or proceedings in which an attachment, garnishment or replevy is sought
   (c) Applications for change of name
   (d) Probate appeals
   (e) Administrative appeals
   (f) Proceedings pertaining to arbitration
   (g) Summary Process (Eviction) actions
   (h) Entry and Detainer proceedings
   (i) Housing Code Enforcement actions

## Case Type Codes

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
| | C 10 | Construction - State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 90 | All other |
| | C 50 | Uninsured/Underinsured Motorist Coverage | | | |
| | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 | | | |
| | C 90 | All other | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | | | | T 03 | Defective Premises - Private - Other |
| Eminent Domain | E 00 | State Highway Condemnation | | T 11 | Defective Premises - Public - Snow or Ice |
| | E 10 | Redevelopment Condemnation | | T 12 | Defective Premises - Public - Other |
| | E 20 | Other State or Municipal Agencies | | T 20 | Products Liability - Other than Vehicular |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 28 | Malpractice - Medical |
| | E 90 | All other | | T 29 | Malpractice - Legal |
| | | | | T 30 | Malpractice - All other |
| Housing | H 10 | Housing - Return of Security Deposit | | T 40 | Assault and Battery |
| | H 12 | Housing - Rent and/or Damages | | T 50 | Defamation |
| | H 40 | Housing - Housing - Audita Querela/Injunction | | T 61 | Animals - Dog |
| | H 50 | Housing - Administrative Appeal | | T 69 | Animals - Other |
| | H 60 | Housing - Municipal Enforcement | | T 70 | False Arrest |
| | H 90 | Housing - All Other | | T 71 | Fire Damage |
| | | | | T 90 | All other |
| Miscellaneous | M 00 | Injunction | | | |
| | M 10 | Receivership | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 15 | Receivership for Abandoned/Blighted Property | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 20 | Mandamus | | V 05 | Motor Vehicles* - Property Damage only |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | M 40 | Arbitration | | V 09 | Motor Vehicle* - All other |
| | M 50 | Declaratory Judgment | | V 10 | Boats |
| | M 63 | Bar Discipline | | V 20 | Airplanes |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | V 30 | Railroads |
| | M 68 | Bar Discipline - Inactive Status | | V 40 | Snowmobiles |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | V 90 | All other |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | M 83 | Small Claims Transfer to Regular Docket | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | M 84 | Foreign Protective Order | | W 90 | All other |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 | | | |
| | M 90 | All other | | | |

RETURN DATE:    FEBRUARY 18, 2025    :    SUPERIOR COURT

LILLIAN SCIANNA    :    J.D. OF DANBURY

v.    :    AT DANBURY

AMAZON.COM, INC. & AMAZON.COM
SERVICES, LLC    :    JANUARY 30, 2025

## COMPLAINT

1. Plaintiff, Lillian Scianna ("Plaintiff"), is a resident of Connecticut currently residing in  Danbury, Connecticut.

2. The Defendants, Amazon.com, Inc. and Amazon.com Services, LLC ("Defendants") are Delaware corporations organized and existing under the laws of the State of Delaware with a principal place of business in Seattle, Washington.

3. At all times relevant hereto, Defendants are and were duly authorized to conduct business in the State of Connecticut and were acting by and through its duly authorized agents, servants, and employees at a place of business located at 8 Old Sherman Turnpike, Danbury, Connecticut.

4. Plaintiff was an employee of Defendants at its location at 8 Old Sherman Turnpike, Danbury, Connecticut as a warehouse worker from May 23, 2022 to November 30, 2024.

5. At all times relevant hereto, Plaintiff was qualified to perform the warehouse workers position.

6. Plaintiff is a female, age 62.

7. Defendants employ more than ten (10) people.

1

8. Beginning in or around December of 2022, Plaintiff experienced sexual harassment when a fake pornographic video was made of her by a worker of the Defendants and circulated to other employees of the Defendants in the workplace.

9. During or around January of 2023, Plaintiff filed an incident report with the Defendants and spoke to a manager of the Defendants and the Defendants human resources department about the harassment. No action was taken to stop the harassment. Because the harassment continued, and Plaintiff could not tolerate the working conditions, Plaintiff filed another incident report on October 4, 2023.

10. In or around September of 2024, Plaintiff oversaw a co-worker with a video on their phone that depicted her in the bathroom of her former apartment located at 7 Whitney Drive, New Fairfield, Connecticut. Plaintiff reported the existence of the video to Human Resources and reported that it made her feel harassed. No action was taken to investigate or stop the harassment.

11. Despite filing those reports, the Defendants failed to take any course of action against the harassers by refusing to discipline and/or terminate their employment.

12. Despite filing those reports, the Defendants continually scheduled the harassers and Plaintiff to work concurrent shifts.

13. As a consequence of said sexual harassment, the Defendants have violated Connecticut General Statutes §46a-60(b)(8) creating an intimidating, hostile, and offensive working environment.

2

14. Defendants' employees' sexual harassment was motivated by Plaintiff's protected class as a female, and/or her protected class as an individual over the age of forty (40).

15. Defendants' complacency and general failure to take action against my harassers was in violation of Connecticut General Statutes §46a-60.

16. Plaintiff's gender as a female was a motivating factor in the Defendants' decision to not take action against Plaintiff's harassers in violation of the Connecticut Fair Employment Practices Act ("CFEPA") and/or Title VII of the Civil Rights Act of 1964.

17. Additionally or alternatively, Plaintiff's status as a person over the age of forty (40) was a motivating factor in the Defendants' decision to not take any action against Plaintiff's harassers in violation of the Connecticut Fair Employment Practices Act ("CFEPA") and/or the Age Discrimination in Employment Act of 1967 ("ADEA").

18. On or about November 30, 2024, Plaintiff was terminated from her job with the Defendants. Plaintiff was told her termination had to do with the videos she had reported to Defendants.

19. Plaintiff's termination was motivated by her protected class as a female, and/or her protected class as an individual over the age of forty (40).

20. Plaintiff's gender as a female was a motivating factor in the Defendants' decision to terminate her in violation of the Connecticut Fair Employment Practices Act ("CFEPA") and/or Title VII of the Civil Rights Act of 1964.

3

21. Additionally or alternatively, Plaintiff was terminated because she engaged in the protected activity of filing complaints of sexual harassment in the workplace in violation of the Connecticut Fair Employment Practices Act ("CFEPA") and/or the Fair Labor Standards Act and/or Title VII of the Civil Rights Act of 1964.

22. On or about March 12, 2024, Plaintiff filed an affidavit of illegal discriminatory practice with the Connecticut Commission on Human Rights and Opportunities.

23. Plaintiff subsequently filed two amended affidavits of illegal discriminatory practice with the Connecticut Commission on Human Rights and Opportunities.

24. On or about January 23, 2025, the Connecticut Commission on Human Rights and Opportunities issued a release of jurisdiction, which release of jurisdiction is attached hereto as Exhibit A.

WHEREFORE, the Plaintiff seeks:

1. Monetary damages;

2. Such other and further relief as the Court may in equity and law order.

PLAINTIFF, LILLIAN SCIANNA

BY: _____

Christopher J. Sochacki
Cramer & Anderson, LLP
Plaintiff's Attorney
46 West Street, P.O. Box 278
Litchfield, CT 06759
860-567-8717
csochacki@crameranderson.com

4

CRAMER & ANDERSON LLP
Attorneys at Law
46 West Street ▪ P.O. Box 278 ▪ Litchfield, CT 06759-0278 ▪ (860) 567-8718 ▪ Juris # 12732

RETURN DATE:    FEBRUARY 18, 2025    :    SUPERIOR COURT

LILLIAN SCIANNA    :    J.D. OF DANBURY

V.    :    AT DANBURY

AMAZON.COM, INC. & AMAZON.COM
SERVICES, LLC    :    JANUARY 30, 2025

### STATEMENT OF AMOUNT IN DEMAND

The Plaintiff claims damages in the amount of $15,000.00 or more, exclusive of interest and costs.

PLAINTIFF, LILLIAN SCIANNA

BY: _____

Christopher J. Sochacki
Cramer & Anderson, LLP
Plaintiff's Attorney
46 West Street, P.O. Box 278
Litchfield, CT 06759
860-567-8717
csochacki@crameranderson.com

5

# EXHIBIT A

## STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Lillian Scianna
**COMPLAINANT**

CHRO No. 2420392
EEOC No. 16A-2024-01092

vs.

Amazon.com, Inc. & Amazon Services, LLC
**RESPONDENT**

### RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.
a
A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

**DATE:** January 23, 2025

Tanya A. Hughes, Executive Director

Service:

**Complainant:** Lillian Scianna (Via Email - lilliana0862@gmail.com)
**Complainant's Attorney:** Alison M. Noteware, Esq.
                   (Via Email – anoteware@crameranderson.com)
**Respondent's Attorney:** Laura Goldstein, Esq. (Via Email – lgoldstein@littler.com)

STATE OF CONNECTICUT}
                       } SS:     WEST HARTFORD,     FEBRUARY 4, 2025
COUNTY OF HARTFORD  }

THEN and by virtue hereof, on February 4, 2025 I made due and legal service, by leaving a verified true and attested copy of the original **Writ, Summons, Complaint, Statement of Amount in Demand, and Exhibit A** with and in the hands of Shelly Kurpaska at Corporation Services Company, located at 225 Asylum Street, 20th Floor in Hartford, CT 06103. Corporation Service Company is the duly authorized agent of service for **AMAZON.COM SERVICES, LLC**.

ALSO and by virtue hereof, and at the direction of the Plaintiff's attorney, on February 4, 2025 I made due and legal service, by leaving a verified true and attested copy of the original **Writ, Summons, Complaint, Statement of Amount in Demand, and Exhibit A** with and in the hands of Shelly Kurpaska at Corporation Services Company, located at 225 Asylum Street, 20th Floor in Hartford, CT 06103. Corporation Services Company was said to also accept service for the within named Defendant **AMAZON.COM INC**.

AFTERWARDS and by virtue hereof, and at the direction of the Plaintiff's attorney, on February 4, 2025, and pursuant to §52-59b of the Connecticut General Statutes, I made due and legal service on the within named Defendant, **AMAZON.COM INC,** by paying the statutory fee and depositing in the appropriate drop box, a verified true and attested copy

JOHN M. CARDONE
STATE MARSHAL - HARTFORD COUNTY
P.O. BOX 370445 • WEST HARTFORD, CT 06137-0445

of the within original **Writ, Summons, Complaint, Statement of Amount in Demand, and Exhibit A** at the office of Stephanie Thomas, Secretary of State for the State of Connecticut. Said Secretary of State is the duly authorized agent to accept service for the within named Defendant, in the City of Hartford.

ALSO on February 4, 2025, I deposited at the Post Office in West Hartford, postage paid and certified, return receipt requested, article # 9414836208551277918408, a verified true and attested copy of the within original **Writ, Summons, Complaint, Statement of Amount in Demand, and Exhibit A**, with my doings thereon endorsed, addressed to the within named Defendant, **AMAZON.COM, INC.**, 410 Terry Avenue North, Seattle, WA. (C.G.S. 52-59b)

**SUPPLEMENTAL RETURN TO FOLLOW**

THE WITHIN IS THE ORIGINAL **WRIT, SUMMONS, COMPLAINT, STATEMENT OF AMOUNT IN DEMAND, AND EXHIBIT A** WITH MY DOINGS HEREON ENDORSED.

FEES:

| | | |
|---|---|---|
| Pages | $36.00 | |
| Endorsements | $6.50 | |
| Service | $100.00 | |
| Travel | $7.00 | |
| Sec. State | $50.00 | |
| Postage | $9.56 | |
| | | |
| Total | $209.06 | |

ATTEST:

JOHN M. CARDONE
STATE MARSHAL
HARTFORD COUNTY

**JOHN M. CARDONE**
STATE MARSHAL - HARTFORD COUNTY
P.O. BOX 370445 • WEST HARTFORD, CT 06137-0445

# EXHIBIT B

| | |
|---|---|
| DOCKET NO. DBD-CV25-6053334-S | : SUPERIOR COURT |
| | : |
| LILLIAN SCIANNA | : JUDICIAL DISTRICT OF DANBURY |
|        Plaintiff | : |
| | : AT DANBURY |
| v. | : |
| | : |
| AMAZON.COM, INC., and | : MARCH 5, 2025 |
| AMAZON.COM SERVICES, LLC | : |
|        Defendants | : |
| | : |

## NOTICE TO SUPERIOR COURT OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendants, Amazon.com, Inc. and Amazon.com Services LLC,[1] filed a Notice of Removal of this action in the United States District Court for the District of Connecticut. A copy of said Notice is attached hereto as **Exhibit A**. This Notice to the Superior Court was filed and served pursuant to 28 U.S.C. § 1446(d).

/s/ *James H.  Golicz*

Craig T. Dickinson
cdickinson@littler.com
James H. Golicz
jgolicz@littler.com

LITTLER MENDELSON, P.C.
One Century Tower
265 Church Street, Suite 300
New Haven, Connecticut 06510
Telephone:    203.974.8700
Facsimile:    203.974.8799

Attorneys for Defendants AMAZON.COM, INC., and AMAZON.COM SERVICES LLC

---

[1] There is no comma in Amazon.com Services LLC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 5th day of March, 2025, a copy of the foregoing was sent via

email or First-Class Mail to all counsel and pro se parties of record as follows:

Christopher J. Sochacki
Cramer & Anderson, LLP
46 West Street, P.O. Box 278
Litchfield, CT 06759
scochacki@crameranderson.com
*Attorney for Plaintiff*

*/s/ James H. Golicz*_____
James H. Golicz

**State of Connecticut Judicial Branch**
## Superior Court E-Filing

**Attorney/Firm: LITTLER MENDELSON P.C. (426891)**          **E-Mail: MNATALE@LITTLER.COM**   Logout

Hide Instructions                    **You have successfully e-filed!**

**Instructions:** The information about the item you filed is on this confirmation page. You must print a copy of this page for your records. Choose **Print This Page** at the top of the page to print your copy.

Choose **E-File Another Pleading/Motion/Other on this Case** to go back to the **Select a Motion** page to choose another document name and file another document.

Choose **Return to Superior Court E-Filing Menu** to go back to the menu page.

Choose **Return to Case Detail** to look at the documents filed in this case or to file a reclaim in this case.

Print This Page

**Confirmation of E-filed Transaction  (print this page for your records)**

| | |
|---|---|
| **Docket Number:** | DBD-CV-25-6053334-S |
| **Case Name:** | SCIANNA, LILLIAN v. AMAZON.COM, INC. Et Al |
| **Type of Transaction:** | Pleading/Motion/Other document |
| **Date Filed:** | Mar-5-2025 |
| **Motion/Pleading by:** | LITTLER MENDELSON P.C. (426891) |
| **Document Filed:** | 101.00 NOTICE OF REMOVAL TO FEDERAL DISTRICT COURT |
| **Date and Time of Transaction:** | Wednesday, March 5, 2025 1:33:42 PM |

E-File Another Pleading/Motion/Other document on this Case

Return to Civil / Family Menu          Return to Case Detail

Copyright © 2025, State of Connecticut Judicial Branch